IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Own Harriot, <br><br> Plaintiff, <br><br> vs. <br><br> United States (United States Marshals "USM"); Unknown USM; Unknown Deputy Marshals; and Robert Waizenhofer, <br><br> Defendants. | C/A No. 1:20-1266-JFA-SVH <br><br><br> **ORDER** |

## I. INTRODUCTION

Michael Owen Harriot ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against the United States (United States Marshal "USM"); Unknown USM; Unknown Deputy Marshals; and Robert Waizenhofer (collectively "Defendants") seeking damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA") and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to the Magistrate Judge for pretrial proceedings.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Plaintiff's complaint should be dismissed

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of

with prejudice and without issuance and service of process. (ECF No. 17). On, May 18, 2020, Plaintiff filed a request to proceed *in forma pauperis*. (ECF No. 20). On May 22, 2020, Plaintiff timely filed his objections to the Report. Thus, this matter is ripe for review.

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

## I. LEGAL STANDARD

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II. DISCUSSION

Briefly, Plaintiff alleges that the USMs were negligent on July 26, 1999 because they "failed to inform the Magistrate Judge to make a prompt probable cause determination

---

the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

following Plaintiff's warrantless arrest, or give fair notice to the district court that Plaintiff did not commit any federal law violation…" Plaintiff alleges the USM fabricated evidence of his fingerprints which prevented the district court from providing Plaintiff with a full and fair opportunity to receive a probable cause hearing. Additionally, he alleges the Defendants conspired together to violate Plaintiff's rights. Plaintiff argues the statute of limitations should be tolled on his claims because he did not learn of these violations until February 2018.

For relief, Plaintiff requests seven million dollars in compensatory damages and eight million dollars in punitive damages from each Defendant.

### a. Plaintiff's Claims are Barred by *Heck*

The Magistrate Judge correctly opines that Plaintiff's claims for negligence and constitutional violations related to his arrest and pretrial proceedings are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 13). In *Heck*, the Supreme Court held that "in order to recover damages from allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid,…a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.*

As the District Court, we must "consider whether judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

complaint must be dismissed unless the Plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. The Report submits that a judgment in Plaintiff's favor on his negligence and constitutional violations claims would necessarily imply the invalidity of his subsequent conviction.

Although Plaintiff objects the Report, Plaintiff's objections fail to demonstrate he has successfully challenged his conviction or that a judgment in his favor would not invalidate his conviction such that his claims would not be barred by *Heck*. Instead, Plaintiff argues that "Plaintiff was arrested pursuant to a 'warrantless arrest on July 24, 1999'" and as such, *Wallace v. Kato*, 549 U.S. 384 (2007) is controlling and not *Heck*. Plaintiff asserts Wallace is controlling because it permits recovery for false arrest/imprisonment without legal process. In *Wallace,* the Supreme Court held that the statute of limitations upon a 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. *Id.*

Here, the issue is whether a judgment in Plaintiff's favor on the claims in his complaint would invalidate his conviction. If a judgment in his favor would not invalidate his conviction, then his claims are not barred by *Heck.* However, the Magistrate Judge concluded, and the Court agrees that a judgment on his negligence and constitutional claims related to his arrest would invalidate his conviction such that *Heck* does apply to bar these claims. Plaintiff's reliance on *Wallace* is misplaced because it relates to a statute of limitations issue on a false arrest claim rather than on whether a negligence and constitutional violation claim based on a "warrantless arrest" is barred by *Heck.*

Therefore, the Court adopts the Report and Recommendation that Plaintiff's claims are barred by *Heck* and Plaintiff's objection is overruled.

### b. Statute of Limitations

The Magistrate Judge correctly opines that Plaintiff's claims are barred by the statute of limitations. In a case factually similar to the one at hand, the Fourth Circuit found that dismissal of another one of Plaintiff's cases was appropriate because the claims were barred by the statute of limitations. *Harriot v. United States (Federal Bureau of Investigation "FBI")*, 795 F. App'x 215 (4th Cir. 2020).

Plaintiff objects to the Report's conclusion that he does not provide a reason as to why he could not discover Defendants' actions sooner than 2018. Plaintiff argues he cannot be held responsible for the district court's failure to "uncover the Defendants' concealment of Plaintiff's July 24, 1999 arrest and detention and the Court who have the tools to summons the Defendant for their wrongful act and 'bad faith.'"

However, Plaintiff's argument still does not explain why he could not have discovered his claims before now. "Once claimant is in possession of critical facts that he has been hurt, and who has inflicted the injury, the claimant has the *duty* to make a diligent inquiry into whether the injury resulted from a negligent act." *Hahn v. United States,* 313 F. App'x 582, 585 (4th Cir. 2008). The Court finds Plaintiff's argument insufficient to establish he was unable to make a diligent inquiry into his injuries to discover his claims before now.

Therefore, the Court adopts the Report and finds that Plaintiff's claims are also barred by the statute of limitations.

### c. Plaintiff's Request for Counsel and Motion to Proceed *In Forma Pauperis*

The Magistrate Judge correctly concludes that Plaintiff is not entitled to appointed counsel. A review of the complaint reviews no exceptional or unusual circumstance that would justify the appointment of counsel in this matter.[2] *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) ("It is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases."). Plaintiff did not file an objection to the Report's conclusion on this ground. In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Additionally, the Court denies Plaintiff's motion to proceed *in forma pauperis* as moot because this case will be dismissed with prejudice.

Therefore, the Court adopts the Report and Recommendation and denies Plaintiff's request for counsel. Additionally, Plaintiff's motion for leave to proceed *in forma pauperis* is denied as moot.

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this

---

[2] The Fourth Circuit has previously affirmed this Court's denial of Plaintiff's request for counsel. *Harriot v. United States (Federal Bureau of Investigation "FBI")*, 795 F. App'x 215 (4th. Cir. 2020).

Court adopts the Magistrate Judge's Report and Recommendation (ECF No.17) and Plaintiff's complaint (ECF No. 1) is dismissed with prejudice and without issuance and service of process. Additionally, Plaintiff's request for counsel is denied and his motion for leave to proceed *in forma pauperis* is denied as moot. (ECF No. 20).

IT IS SO ORDERED.

August 5, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge